FILED

MAY 14 2015

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 13-038-M-DWM |
| | CV 14-188-M-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE OF |
| TODD SEAN FRANKLIN, | APPEALABILITY |
| Defendant/Movant. | |

On June 16, 2014, Defendant/Movant Todd Sean Franklin filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Franklin is a federal prisoner proceeding pro se. Franklin amended his motion to add further allegations on November 13, 2014.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the

1

court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On September 12, 2013, a grand jury handed down an indictment charging Franklin with one count of conspiring to distribute 50 grams or more of actual methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) ("Count 1"); and one count of possessing, with intent to distribute, 50 grams or more of actual methamphetamine, a violation of 21 U.S.C. § 841(a)(1) ("Count 2"). The conspiracy was alleged to have endured from May 2007 to January 31, 2013, when Franklin was apprehended. Based on the drug type and quantities alleged, if convicted, Franklin faced a mandatory minimum penalty of ten years in prison. 21 U.S.C. § 841(b)(1)(A)(viii). Michael Donahoe of the Federal Defenders of Montana was appointed to represent Franklin. Order (Doc. 11).

On October 31, 2013, Franklin filed a motion to suppress evidence, arguing that there was not sufficient probable cause to support law enforcement officers' initial request to place a GPS tracking device on Franklin's vehicle and also insufficient support for a follow-up request to continue monitoring.

On November 14, 2013, United States responded to the motion to suppress

and also filed an Information under 21 U.S.C. § 851. The Information alleged that Franklin had previously been convicted of felony drug offenses, including criminal possession of dangerous drugs in Lincoln County in June 2011 and criminal distribution of dangerous drugs in Flathead County in August 2011. Information (Doc. 18) at 2. If the United States proved one of the two convictions, Franklin would be subject to a mandatory minimum sentence of twenty years in prison. If the United States proved both convictions, Franklin would be subject to a mandatory sentence of life in prison. 21 U.S.C. § 841(b)(1)(A); *see also* Change of Plea Tr. (Doc. 33) at 8:7-11.

Franklin filed a reply (Doc. 20) in support of his motion to suppress on November 21, 2013. Before the Court set a hearing or ruled on the motion, however, the parties filed a fully executed plea agreement. The United States agreed not to seek an enhanced sentence under the § 851 Information, to dismiss Count 2, and to recommend a three-point reduction in Franklin's offense level for acceptance of responsibility. Plea Agreement (Doc. 21) at 2-3 ¶ 2, 3 ¶ 3, 7 ¶ 6. Franklin agreed to plead guilty to Count 1 and to waive his rights to appeal and to file a § 2255 motion, excepting allegations of ineffective assistance of counsel. *Id.* at 2 ¶ 2, 8 ¶ 8. On December 19, 2013, Franklin pled guilty in open court. Minutes (Doc. 27).

On January 30, 2014, Franklin submitted a pro se motion for new counsel.

3

Mot. to Withdraw Counsel (Doc. 34). A hearing was held. Franklin sought new counsel, a competency evaluation, and an opportunity to withdraw his guilty plea. His motions were denied. Order (Doc. 37). About three weeks later, Franklin submitted another pro se document, accusing his lawyers of sabotaging his case, hypnotizing him, planting subliminal messages in his paperwork, and attempting to have him sentenced to the maximum term. Letter (Doc. 38) (under seal). No action was taken on the letter.

A presentence report was prepared. Franklin declined to be interviewed by the probation officer. *See* Presentence Report at 13 Part C para. 1. With his sentencing memorandum, counsel submitted, under seal, a letter and treatment notes from Franklin's treating psychiatrist, Dr. Houser. *See* Medical Records (Doc. 41) (under seal). Under the Guidelines in effect at the time, Franklin's base offense level was 32. He received a two-point enhancement for obstruction of justice because he led police on a high-speed car chase before he was apprehended. He received a three-point reduction for acceptance of responsibility. Presentence Report ¶¶ 19-29. With a total offense level of 31 and a criminal history category of IV, *id.* ¶ 40, the advisory guideline range was 151-188 months, *id.* ¶ 65. The statutory mandatory minimum was 120 months. The United States sought a two-level downward variance in anticipation of the enactment of Amendment 782 and 788 to the United States Sentencing Guidelines. *See* Mot. (Doc. 42). The variance

was granted, and the final advisory guideline range was 121-151 months. On March 26, 2014, Franklin was sentenced to serve 121 months in prison, consecutive to his sentence from Lincoln County, and a five-year term of supervised release. Judgment (Doc. 44) at 2-3; Statement of Reasons (Doc. 45 (under seal)) at 1 ¶ III, 3 ¶ VI(D), 4 ¶ VIII.

Franklin did not appeal. He timely filed his § 2255 motion on June 16, 2014. 28 U.S.C. § 2255(f)(1).

### III. Franklin's Claims

Franklin's claims are reorganized here, but all are addressed.

First, Franklin contends that counsel unreasonably abandoned the motion to suppress and advised him to plead guilty before litigating the motion to completion. He asserts that officers provided false information in the warrant applications. He also avers that counsel initially told him the motion to suppress would "take care of everything" but, when the United States filed the § 851 Information, changed his position and advised Franklin to plead guilty. He asks that the Court allow him to withdraw his guilty plea, appoint new counsel, consider the merits of the motion to suppress, and, if the law permits, remand his case to state court. Mot. § 2255 (Doc. 47) at 7-9; Br. in Supp. (Doc. 48) at 2-4.

Second, Franklin contends that, when he was arrested, he was not advised of his *Miranda* rights, was not permitted to make a phone call, and was not permitted

5

to talk to an attorney despite his request for counsel "during the initial interview by detectives/ agents." Br. in Supp. at 2; Addendum (Doc. 59) at 2, 7-8.

Third, Franklin contends that counsel should have recognized that mental illness played a central role in Franklin's commission of the offense and he was "unable to decide for himself whether his actions . . . were right or wrong." Addendum at 2. He asserts that his diminished capacity led him to be used as "an innocent dupe . . . so that others would not be held criminally responsible," and he seeks an evaluation so that his sentence may be reduced. He also claims that counsel should have requested a competency evaluation. *Id.* at 1-2, 4-6, 9-11.

Fourth, Franklin requests a reduction in his offense level on the grounds that he played a minor role in the offense. *Id.* at 3.

## IV. Analysis

In reviewing the case file and preparing this Order, the Court consulted the court reporter's rough transcript of the motion hearing on February 6, 2014, Minutes (Doc. 36), and the sentencing hearing on March 26, 2014. The United States will be required to order those transcripts for the record and to ensure Franklin receives a copy of each.

### A. Motion to Suppress

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise

independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea does not waive the defendant's opportunity to "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards" defining the "wide range of reasonable professional assistance." *Id.* at 267. But the guilty plea means Franklin must show not only that the motion he abandoned by pleading guilty had merit but also that his attorney's advice to plead guilty without having litigated the motion "rendered that advice outside the range of competence demanded of attorneys in criminal cases." *Id.* at 268 (internal quotation marks omitted).

The motion need not be addressed in detail. As the Supreme Court has said:

> The principal value of counsel to the accused in a criminal prosecution often does not lie in counsel's ability to recite a list of possible defenses in the abstract, nor in his ability, if time permitted, to amass a large quantum of factual data and inform the defendant of it. Counsel's concern is the faithful representation of the interest of his client and such representation frequently involves highly practical considerations as well as specialized knowledge of the law. Often the interests of the accused are not advanced by challenges that would only delay the inevitable date of prosecution, or by contesting all guilt. A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea without elaborate consideration of whether pleas in abatement . . . might be factually supported.

*Henderson*, 411 U.S. at 267-68 (internal citations omitted).

Counsel's advice to accept the plea agreement and abandon the motion to

7

suppress was squarely within the range of reasonable professional assistance. Franklin states that counsel told him "if he did not take a plea before the motion was ruled upon, then he would not get another chance should the courts rule against the motion." Mot. § 2255 (Doc. 48) at 4. There is no reason to suspect this statement was false. The United States is not obliged to keep plea offers open indefinitely. The plea agreement resulted in dismissal of an already-filed § 851 Information and avoided a mandatory sentence of life in prison or, at the least, a mandatory sentence of twenty rather than ten years. It was highly advantageous to Franklin. Moreover, while counsel may initially have been confident about the motion to suppress, the United States' response and counsel's reply brief strongly suggest that counsel misconstrued location readouts based on incomplete satellite information as an indication that the GPS device was unreliable. Counsel's reply brief dropped his argument concerning the GPS device's unreliability. *Compare* Mot. to Suppress Br. (Doc. 17) at 9-11 *with* Resp. to Mot. (Doc. 19) at 6-7; Reply (Doc. 20), *passim*.

Few defendants who plead guilty know exactly what would have happened had counsel pursued every possible pretrial defense. The probability of Franklin's prevailing on the motion to suppress was neither so high nor so obvious that *no* competent counsel could have advised Franklin that it was better to take the plea offer and avoid the § 851 Information than to press ahead with the motion to

suppress, risk losing it, and then be stuck with the § 851 Information. Counsel's abandonment of the motion to suppress and advice to accept a very favorable plea offer was reasonable. This claim is denied.

### B. *Miranda* Rights, Phone Call, and Counsel

The United States' Offer of Proof does not suggest it intended to use any statements made by Franklin against him. In fact, Franklin habitually declines to make statements. *See* Presentence Report ¶¶ 9, 12, 13 Part C para. 1. Consequently, even if he was not advised of his *Miranda* rights,[1] was not permitted to make a phone call, and was not permitted to talk to counsel before his "initial interview" with police, he can show no prejudice. *See* Offer of Proof (Doc. 26) at 3-5; Change of Plea Tr. (Doc. 33) at 25:11-27:12; *see also* Presentence Report ¶¶ 8-15 (not describing any statements by Franklin). This claim is denied.

### C. Mental Illness

#### 1. Insanity

Federal law recognizes an insanity defense for a defendant who, "as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a); 9th Cir. Jury Instr. Crim. 6.4 (2010). Insanity is an affirmative defense that must be proved by the defendant by clear and convincing evidence. Franklin's high-speed flight from

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966); *see also Rhode Island v. Innis*, 446 U.S. 291, 298 (1980).

pursuing police when he was returning from Idaho to Montana with methamphetamine was a convincing demonstration of his ability to appreciate the nature and quality and wrongfulness of his acts. Presentence Report ¶ 14. He made another demonstration of the same weight when, at the Flathead Valley Chemical Dependency Center, he dropped a baggie containing methamphetamine on the floor, then, when confronted by staff, dumped the contents out on the floor and fled the building. *Id.* ¶ 13. A reasonable attorney would conclude Franklin had little chance of prevailing on an insanity defense when witnesses could testify to these acts showing Franklin's clear understanding that possession of methamphetamine was wrong.

### 2. Diminished Capacity

Federal law also recognizes that diminished capacity may negate specific intent. *See U.S. v. Twine*, 853 F.2d 676 (9th Cir. 1988); 9th Cir. Jury Instr. Crim. 6.9 (2010). While both conspiracy and possession of methamphetamine with intent to distribute are specific-intent crimes, Franklin sold methamphetamine to an undercover officer in May 2007 and marijuana to an undercover officer in October 2009, and he traveled to and from Sandpoint, Idaho, to obtain 116.2 grams of pure methamphetamine from Brandon Kuhlman. *See* Presentence Report ¶¶ 9-10, 14-15. A reasonable attorney would conclude these acts were not those of an "innocent dupe" but clearly evidenced Franklin's specific intent to obtain, use, and

distribute marijuana and methamphetamine.

At sentencing, similarly, there simply was no support for a downward departure under U.S.S.G. § 5K2.13. All indications were that when Franklin takes the appropriate medications, he is able to control his behavior, but he makes bad judgments when he is not taking appropriate medications. Franklin adds nothing to change the evidentiary picture presented on the record. The Court considered his mental illness at some length in fashioning a reasonable sentence under 18 U.S.C. § 3553(e).

### 3. Competence

As to competence, schizophrenia does not automatically make a defendant incompetent. Dr. Houser's letter and treatment notes give no indication that Franklin would likely lack "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or that he would likely lack "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). Franklin's history of mental illness was made known to United States Magistrate Judge Jeremiah C. Lynch when Franklin entered his guilty plea. *See* Change of Plea Tr. at 5:20-6:18. Franklin's own statements at the change of plea hearing and at sentencing demonstrated that he understood what was happening, could discuss details of the offense and his own options in meeting the charges, and could voice his own

11

concerns within the legal framework of the case. *See, e.g.*, Change of Plea Tr. at 7:8-8:25, 10:1-12:21, 16:25-17:23, 18:2-13,[2] 25:25-27:3, 30:1-32:13. After a lengthy colloquy, during which Judge Lynch was able to observe and listen to Franklin and assess his competence, Judge Lynch found Franklin competent and recommended his plea be accepted. *Id.* at 28:17-29:1. Neither counsel nor the Court had reason to question Franklin's competency to proceed. *See Godinez v. Moran*, 509 U.S. 389, 402 n.13 (1998).

All claims relating to Franklin's mental illness are denied.

**D. Role in the Offense**

Allegations relating to non-constitutional sentencing errors are not cognizable in § 2255 proceedings if they were not raised on direct appeal. *United States v. Schlesinger*, 49 F.3d 483, 484 (9th Cir. 1995). Thus, similar to his claim regarding the motion to suppress, Franklin may proceed on this claim only if it was objectively unreasonable for counsel to fail to seek a downward adjustment based on Franklin's role in the offense.

The offense was a conspiracy between Franklin and Brandon Kuhlman. There was no indication in all the materials before the Court that Franklin's role was minimal or minor. *See* U.S.S.G. § 3B1.2. The offense continued over a period of years with Franklin making repeated purchases of drugs from Kuhlman and

---

[2] *See also* Change of Plea Tr. at 29:10-15.

repeated sales of drugs to others. Franklin's current allegations add nothing to the evidentiary picture on record. This claim is denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Franklin's claims makes a showing with any substance to it that he was deprived of a constitutional right. His mental illness was a known factor throughout the proceedings, but his history demonstrated his knowledge that trafficking in methamphetamine was wrong, and his behavior and statements in open court demonstrated his rational understanding of the facts and law confronting him as well as his ability to discuss them. Nothing he alleges in his post-judgment submissions alters the evidentiary picture created on the record in the original proceedings. Franklin's motion to suppress was not compelling, and

counsel's advice to abandon it for the sake of taking a plea offer saved Franklin – who was sentenced to serve 121 months – from at least a twenty-year mandatory minimum sentence if not a mandatory sentence of life. As Franklin did not make any statements that were used against him, any failure by law enforcement officers to comply with *Miranda* or *Edwards* was a moot point. He was not a minor or minimal participant in the offense.

Reasonable jurists would find no basis for further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the following transcripts are required to decide the issues presented by Franklin:

  (a)  the motion hearing held on February 6, 2014; and

  (b)  the sentencing hearing held on March 26, 2014.

2. The United States shall immediately order the transcripts of those hearings for the Court's record, with copies to be delivered to Todd Sean Franklin # 12867-046, FCI Beaumont Low, Federal Correctional Institution, P.O. Box 26020, Beaumont, TX 77720.

3. Franklin's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 47) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall

14

immediately process the appeal if Franklin files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-188-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Franklin.

DATED this 14th day of May, 2015.

Donald W. Molloy
United States District Court