IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
MAY 20 2016
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. TODD SEAN FRANKLIN, Defendant/Movant. | Cause No. CR 13-38-M-DWM<br>CV 16-67-M-DWM<br><br>ORDER DENYING RULE 60(b) MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On May 12, 2016, Defendant/Movant Franklin filed a motion under Fed. R. Civ. P. 60(b). He seeks relief from the Order of May 14, 2015 (Doc. 62), which denied his first motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

Franklin filed his first § 2255 motion on June 16, 2014 (Doc. 47). On May 14, 2015, the motion and a certificate of appealability were denied (Doc. 62). Franklin filed a timely notice of appeal (Doc. 70). On December 7, 2015, the Ninth Circuit Court of Appeals denied a certificate of appealability. *See* Order at 1, *United States v. Franklin*, No. 15-35515 (9th Cir. Dec. 7, 2015) (Doc. 72). Franklin later filed a motion to extend his time to appeal (Doc. 73). Because he had already filed a timely notice of appeal and the appellate court denied a certificate of appealability, his motion was denied (Doc. 74).

1

Generally, a person convicted in a federal court can file only one motion under 28 U.S.C. § 2255. A second § 2255 motion may be filed in a district court only if the defendant first obtains leave to file from the Court of Appeals. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Recognizing this limitation, Franklin relies on Fed. R. Civ. P. 60(b). The Supreme Court has held that Rule 60(b) "has an unquestionably valid role to play in habeas cases," but it cannot be applied in a way that would defeat the limitations on second or successive motions. *Gonzalez v. Crosby*, 545 U.S. 524, 534-35 (2005); *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (per curiam). If the proceedings on Franklin's first motion under § 2255 were marred by some fundamental defect, then it is appropriate to reopen proceedings on the motion. Franklin points to his "long, well-documented history of mental illness, including schizophrenia," to assert that he did not "have a meaningful opportunity at collateral review" when he filed his first § 2255 motion. Rule 60(b) Mot. (Doc. 75) at 2.

The Court will assume, for the sake of argument, that the mental illness of a *pro se* movant could constitute a "defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532; *United States v. Washington*, 653 F.3d 1057, 1059-60 (9th Cir. 2011). But, for two reasons, Franklin's history of mental

2

illness did not undermine the integrity of the proceedings in his case.

First, Franklin's history of mental illness was known not only at the time he filed the first § 2255 motion but also throughout the underlying criminal proceedings. In fact, his mental illness was the basis for one of his claims for relief in his first motion under § 2255. *See* Order (Doc. 62) at 9-12. Before ruling on his first § 2255 motion, the Court *sua sponte* considered whether it was in the interest of justice to appoint counsel for Franklin; it does so whenever a § 2255 motion is filed *pro se* by someone who was qualified for services under the Criminal Justice Act. *See* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam); *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)). Despite knowing his history of mental illness, neither this Court nor the Court of Appeals offered Franklin counsel. Even now, Franklin does not attack a defect in "the integrity of the prior proceeding with regard to the claims that *were actually asserted* in that proceeding." *Jones v. Ryan*, 733 F.3d 825, 836 (9th Cir. 2013) (emphasis added).

Second, and relatedly, as evidence that his mental illness undermined the integrity of the first § 2255 proceeding, Franklin points to a potentially meritorious claim that he omitted from that motion: he claims counsel was ineffective because he ignored Franklin's instruction to file a notice of appeal. Rule 60(b) Mot. at 3, 7.

3

Omission of a potentially meritorious claim from a previous § 2255 motion is just about the biggest barn door that could be opened for multiple motions under § 2255. No doubt this is why, as the Supreme Court said, "[u]sing Rule 60(b) to present new claims for relief . . . —even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Franklin's mental illness is not an extraordinary circumstance justifying relief under Rule 60(b) from the order denying his first motion under 28 U.S.C. § 2255. And, to the extent his Rule 60(b) motion is a "disguised" second motion under § 2255, *Washington*, 653 F.3d at 1062, this Court lacks jurisdiction to consider it, *Burton*, 549 U.S. at 149.

A certificate of appealability is not warranted. Franklin's belated claim that counsel failed to comply with an instruction to file a notice of appeal is of questionable merit. He alleges no facts showing either that the instruction was unambiguous or that it was Franklin's final word to counsel on the matter. But, regardless, a reasonable jurist would find no basis for reopening proceedings on the first § 2255 motion. *See United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015), *pet. for cert. filed*, No. 15-8063 (U.S. Feb. 3, 2016). In addition, the new claim does not meet the standards of § 2255(h).

4

Accordingly, IT IS HEREBY ORDERED as follows:

1. Franklin's motion under Fed. R. Civ. P. 60(b) (Doc. 75) is DENIED.

2. To the extent Franklin's motion is in reality an unauthorized second motion under 28 U.S.C. § 2255, the motion is DISMISSED for lack of jurisdiction.

3. A certificate of appealability is DENIED as to all issues. The clerk shall immediately process the appeal if Franklin files a notice of appeal.

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-67-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Franklin.

DATED this 30th day of May, 2016.

Donald W. Molloy
United States District Court