IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>TODD SEAN FRANKLIN,<br><br>              Defendant. | CR-13-38-M-DWM<br><br>FINDINGS AND<br>RECOMMENDATION |

Before the Court is a petition alleging Defendant Todd Sean Franklin violated conditions of his supervised release. By Order entered November 24, 2023 United States District Judge Donald W. Molloy referred this matter to the undersigned to conduct a final revocation hearing. The Court conducted the hearing on November 29, 2023.

The petition filed in this case asserts Franklin committed two violations of his conditions of release. First, it alleges that on October 2, 2023, Franklin submitted a urine specimen that tested positive for marijuana, in violation of the mandatory condition prohibiting any unlawful use of a controlled substance. The

1

petition further alleges Franklin admitted to his probation officer that he used marijuana on the morning of October 2, 2023.

Second, the petition alleges that Franklin violated the standard condition requiring him to notify the probation officer at least ten days prior to any change in residence or employment. The facts alleged in support of this violation are as follows: On October 23, 2023, Franklin called his probation officer and told him he was in the Kalispell, MT area. The probation officer advised Franklin that he had not notified the probation office of his change of address and had not received permission to move to Kalispell. When the probation officer asked Franklin to provide a specific description of where he was staying, Franklin hung up the phone. On October 25, 2023, a final message was sent to Franklin's phone indicating that he needed to contact the probation office before the end of business that day. Franklin failed to respond and failed to advise the probation office of his current living arrangement. As of the date the petition was filed on October 27, 2027, Franklin's whereabouts were unknown.

At the final revocation hearing held on November 29, 2023, Franklin appeared with counsel and admitted to both of the violations alleged in the petition. Based on Franklin's admissions to the allegations in the petition, the Court finds by a preponderance of the evidence that Franklin violated the conditions of his supervised release as alleged in the petition.

The United States, Franklin's counsel, and Franklin were each given an opportunity to address the Court as to their recommendations and requests for an appropriate sentence and disposition of the petition. Having considered the record in this case, and the evidence and arguments presented at the revocation hearing,

IT IS RECOMMENDED that the District Court revoke Franklin's supervised release, and that Franklin be committed to the custody of the United States Bureau of Prisons for a term of 4 months. Upon release from imprisonment, Franklin shall be placed on supervised release for a term of 56 months.

Within 72 hours of release from custody of the Bureau of Prisons, Franklin shall report in person to the probation office in the district to which he is released.

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

In addition, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission,

and which have been adopted by this Court. The defendant shall also comply with the following special condition(s):

| Condition | Condition Description |
|---|---|
| 1 | You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer. |
| 2 | You must reside in a Residential Reentry Center under contract to the United States Bureau of Prisons, for a period of 180 days. You must abide by all rules and regulations of the Center and successfully complete any programming as directed by the probation officer. |
| 3 | You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination. |
| 4 | You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale. |
| 5 | You must participate in substance abuse testing to include not more than 200 urinalysis tests, not more than 200 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer. |
| 6 | You must participate in and successfully complete an outpatient program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the |

probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

7	You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

8	You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within 14 days of the date it is served as indicated on the Notice of Electronic Filing. The District Judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the District Judge, and may waive the right to appear and allocute before the District Judge.

DATED this 30th day of November, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge