IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD SEAN FRANKLIN,<br><br>Defendant. | CR 13–38–M–DWM<br><br><br><br>ORDER |

On November 30, 2023, United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendation with respect to the disposition of the revocation proceedings stemming from the October 27, 2023[1] petition for revocation of Defendant Todd Sean Franklin's supervised release. (Doc. 113.) The petition alleged the violation of two conditions of his supervised release: the mandatory condition prohibiting unlawful use of a controlled substance and the standard condition requiring him to notify his probation officer at least ten days prior to any change in residence. (*See id.*) At a final revocation hearing held on

---

[1] The Findings and Recommendation explains that the petition was filed on October 27, 2027. (*See* Doc. 113 at 2.) The correct date is reflected here.

1

November 29, 2023, Franklin admitted to both violations. (*See id.* at 2; Doc. 111 (Min. Entry).) Based on the admitted violations and the evidence presented, Judge DeSoto found that Franklin committed both violations alleged in the petition, and recommends that supervised release be revoked and that this Court sentence Franklin to a custodial sentence of 4 months, followed by 56 months of supervised release. (Doc. 113 at 3.)

On December 13, 2023, Franklin filed an objection to Judge DeSoto's Findings and Recommendation, to which the government did not respond. (Doc. 114.) A party filing objections to the findings and recommendation of a magistrate is entitled to de novo review of the specific part of the findings and recommendation to which the objection is made. 28 U.S.C. § 636(b)(1). Here, Franklin's sole objection is to special condition number 2, which reads:

> You must reside in a Residential Reentry Center under contract to the United States Bureau of Prisons, for a period of 180 days. You must abide by all rules and regulations of the Center and successfully complete any programming as directed by the probation officer.

(Doc. 113 at 2.) Franklin argues that he would be better suited by staying in a community group home rather than a Residential Reentry Center. His objection is not well-taken as the above condition directly addresses the misconduct underlying Franklin's violations. Franklin admitted to relocating to the Kalispell area without receiving permission to do so from the United States Probation Office. When

2

discussing his new living situation with United States Probation Officer Dave Velasquez, he failed to provide specific details of his change of address and further cut off communication with Officer Velasquez.  Thus, Judge DeSoto's recommended condition regarding placement in a Residential Reentry Center is appropriate to address Franklin's breach of the Court's trust and to protect the public.  *See* 18 U.S.C. §§ 3583(e), 3553(a)(2)(C); *see United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

Consistent with the Court's "full authority" to review the findings and recommendations under any standard it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 154 (1958), the Court reviews those portions of the findings and recommendation not objected to for clear error.  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).  Finding no clear error in Judge DeSoto's conclusion that the defendant violated the conditions of his release in the manner set forth in the petition, that the defendant's supervision should be revoked, and that the special conditions imposed are reasonable, the Court adopts those findings and recommendations.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation, (Doc. 113), is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Franklin's supervised release is revoked.

Judgment will be entered by separate document.

DATED this 2nd day of January, 2024.

_____
Donald W. Molloy, District Judge
United States District Court